CBG Janovic Mgt. Corp. v Massachusetts Bay Ins. Co. (2022 NY Slip Op 01962)





CBG Janovic Mgt. Corp. v Massachusetts Bay Ins. Co.


2022 NY Slip Op 01962


Decided on March 22, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2022

Before: Renwick, J.P., Manzanet-Daniels, Singh, Kennedy, Scarpulla, JJ. 


Index No. 152447/19 Appeal No. 15553 Case No. 2021-02707 

[*1]CBG Janovic Management Corp., et al., Plaintiffs-Appellants,
v
Massachusetts Bay Insurance Company, Defendant-Respondent.


Law Office of Craig A. Blumberg, New York (Craig A. Blumberg of counsel), for appellants.
Finazzo Cossolini O'Leary Meola & Hager, LLC, New York (Jeremiah L. O'Leary of counsel), for respondent.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered June 23, 2021, which granted defendant's motion for summary judgment dismissing the complaint, and denied plaintiffs' cross motion for summary judgment, unanimously affirmed, without costs.
The trial court properly granted defendant's motion for summary judgment dismissing the complaint because the evidence established that Massachusetts Bay Insurance Company (Massachusetts Bay) did not breach any condition of the Policy. Plaintiff's business was rendered wholly unusable by the collapse of a ceiling. The insurer paid plaintiff for the loss of business income during the ceiling restoration period. The insurer, however, denied coverage for the rent plaintiff paid during the restoration period.
Under their commercial lease, plaintiffs were not required to pay rent while their demised premises were wholly unusable. Nevertheless, after their ceiling collapsed and the business was closed, they paid rent voluntarily. Despite having no obligation to pay rent in the wake of the business' closure, plaintiffs nevertheless sought reimbursement for those rental payments from defendant as part of the insurance claim. However, under the terms of the insurance policy issued to them by defendant, they are not entitled to reimbursement for the rent paid while the business was closed. Thus, the plain meaning of the lease terms refutes plaintiffs' contention that it was only when the entire building was wholly unusable that they were not required to pay rent (see Greenfield v Philles Records , 98 NY2d 562, 569 [2002]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 22, 2022